[ECF Nos. 10, 29]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN C. BURT,<br><br>    Plaintiff,<br><br> v.<br><br>MARCUS O. HICKS, et al.,<br><br>    Defendant. | Civil No. 20-19459 (NLH/SAK) |

## OPINION AND ORDER

  This matter comes before the Court by way of a Motion to Appoint *Pro Bono* Counsel pursuant to U.S.C. § 1915(e)(1) filed by Plaintiff, Steven C. Burt (hereinafter "Plaintiff"). *See* Mot. for Pro Bono Counsel [ECF Nos. 10, 29]. No opposition has been filed. The Court has considered Plaintiff's two submissions.[1] Pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth herein, Plaintiff's motions for appointment of *pro bono* counsel are DENIED without prejudice.

**BACKGROUND**

  On December 16, 2020, Plaintiff filed a complaint and application to proceed *in forma pauperis*. *See* Pl.'s Compl. [ECF No. 1]; Mot. to Proceed *In Forma Pauperis* [ECF No. 1-1]. Plaintiff's complaint alleged that Defendants were deliberately indifferent to his health needs in violation of his Eight Amendment rights pursuant to 42 U.S.C. § 1983. *Id*. The Court permitted

---

[1] Plaintiff filed an initial motion to appoint *pro bono* counsel on January 25, 2021 [ECF No. 10]. Prior to the Court rendering a decision, Plaintiff filed a second motion to appointment *pro bono* counsel on May 14, 2021 [ECF No. 29]. The Court will address both motions as one in this Opinion and Order.

1

Plaintiff's complaint to be docketed and granted Plaintiff's application by Order dated December 18, 2020. *See* Order [ECF No. 2]. The Court issued an Order on December 31, 2020, following a *sua sponte* review of the pleadings, directing the clerk to provide Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms ("USM-285 Forms"). *See* Order [ECF No. 4]. Between January 7, 2021 and January 29, 2021, Plaintiff docketed six letters to the Court regarding service of the USM-285 Forms. *See* Letter from Steven C. Burt [ECF Nos. 6, 7, 8, 9, 11, 12]. In the letter dated January 18, 2021, Plaintiff requested an extension of time because he was having difficulties receiving the USM-285 forms. *See id.* [ECF No. 8]. In a letter dated January 19, 2021, Plaintiff again sought the tolling of time for service and cited to case law regarding a prisoner's right to legal mail. *See id*. [ECF No. 9]. In a letter dated January 26, 2021, Plaintiff made an additional request for extension of time for service. *See id*. [ECF No. 12]. His letter also indicated that he works as a paralegal in the law library at Southern State Correctional Facility and that he is capable of calling the facility ombudsman to discuss his failure to receive mail. *Id*. The Court received completed USM-285 Forms from Plaintiff on February 17, 2021. *See* Cert. of USM-285 Forms [ECF No. 13]. Defendants in this matter were subsequently served on or about, February 17, 2021, and February 23, 2021. *See* Summons Returned Executed [ECF Nos. 17, 19].

On January 25, 2021, Plaintiff filed his first Motion to Appoint *Pro Bono* Counsel, currently being addressed. *See* Mot. to Appoint Pro Bono Counsel [ECF No. 10]. Thereafter, Plaintiff sought a default judgment against the Defendants for failing to respond to the complaint pursuant to the federal rules. S*ee* Letter from Steven C. Burt [ECF Nos. 20, 21]. A default was not entered because the Court granted Defendants an extension of time to answer or otherwise respond to the complaint. *See* Order Granting Req. for 14-day Extension [ECF No. 22]. In a letter

2

received on April 13, 2021 [ECF No. 24], Plaintiff advised the Court that he had served letters on all Defendants via regular mail advising them of Fed. R. Civ. Pro. 55(a) and case law.[2] Likewise on April 20, 2021, Plaintiff filed a correspondence sent to Defendants advising them of the new deadlines. *See* Letter from Steven C. Burt [ECF No. 25].

Shortly thereafter, on May 14, 2021, Plaintiff filed a second Motion to Appoint *Pro Bono* Counsel, also before the Court. *See* Mot. to Appoint Pro Bono Counsel [ECF No. 29]. Three days later, on May 17, 2021, in response to the Clerk's Pretrial Letter [ECF No. 28], Plaintiff filed a Pretrial Memorandum. *See* Pretrial Mem. by Steven C. Burt [ECF No. 30]. On June 4, 2021, the Court issued a corrective scheduling order establishing the discovery deadlines and extending fact discovery to October 1, 2021. *See* Order [ECF No. 31]. On June 7, 2021, Plaintiff filed a notice with the Court advising of his change of address. *See* Notice of Change of Address [ECF No. 32]. Most recently, on July 27, 2021, Plaintiff filed a letter sent to Defendants seeking to confer about discovery prior to engaging in motion practice. *See* Letter from Steven C. Burt address to Ms. Solari [ECF No. 42].

**DISCUSSION**

Motions for the appointment of *pro bono* legal counsel are governed by 28 U.S.C. § 1915(e). It is well established that there is no statutory or constitutional right to appoint counsel for indigent civil litigants. *Christy v. Robinson*, 216 F. Supp. 2d 398, 406 (D.N.J. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, pursuant to the aforementioned statute, district courts have broad discretion to determine if counsel should or should not be appointed. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (2002) (citing *Tabron v.*

---

[2] Plaintiff cited to *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) to argue for the mandatory entry of default when a party has not otherwise pled or sought to defend an action.

*Grace*, 6 F.3d 147, 153-55 (3d Cir. 1993). District courts may request counsel be appointed to a matter on motion or where good cause exists, *sua sponte*. *Williams v. Hayman*, 488 F. Supp. 2d 446, 447 (D.N.J. 2007). The analysis to appoint counsel is a two-step process. *Houser v. Folino*, 927 F.3d 693, 698 (3d Cir. 2019). The court must first assess whether the litigant's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d at 155. If this threshold is satisfied, then the substance of the request for *pro bono* counsel should be reviewed on a case-by-case basis with consideration given to the following factors (hereinafter the "*Tabron/Parham* factors"):

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the extent to which a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-58, 157 n. 5).

None of the factors are individually determinative and the list is not exhaustive. *Id*. at 458. Rather, the *Tabron/Parham* factors articulate important considerations to evaluate a litigant's request for the appointment of *pro bono* counsel. *Id*. The Third Circuit has held the same analysis applies to successive requests for *pro bono* counsel. *Houser v. Folino*, 927 F.3d 693, 698 (3d Cir. 2019).

As a threshold matter, the fact that the Court did not dismiss Plaintiff's complaint and *in forma pauperis* ("IFP") petition after they were screened pursuant to 28 U.S.C. § 1915(e), is an

indication the claims have "some merit in fact and law." *See* IFP Order [ECF. No. 2]. Hence, for the purpose of this analysis, the Court will assume Plaintiff has satisfied the threshold burden.[3] Therefore, the Court will proceed to evaluate Plaintiff's requests for counsel using the *Tabron/Parham* factors as a guide.

The first *Tabron/Parham* factor requires the Court to determine Plaintiff's ability to present his or her own case. *Montgomery v. Pinchak*, 294 F.3d at 498. The Third Circuit has identified numerous factors that the Court should consider in making this determination, including "plaintiff's education, literacy, prior work experience, prior litigation experience . . . plaintiff's ability to understand English, or if the plaintiff is a prisoner, the restraints placed upon him . . . by confinement." *Id*. (quoting *Tabron*, 6 F.3d at 156). The Court should also consider whether the plaintiff has access to necessary resources like a typewriter, photocopier, telephone, and computer. *Parham v. Johnson*, 126 F.3d at 459. A litigant's ability to file and respond to motions may show some legal knowledge and literacy, however that alone does not conclusively establish Plaintiff's ability to present his own case. *Id.*

Here, Plaintiff argues that the first *Tabron/Parham* factor weighs in favor of appointing counsel because he is "not educated enough to present . . . an effective case and [he is] not an experienced jailhouse lawyer". *See* Pl.'s Mot. at ¶ e. [ECF No. 29]. Plaintiff also argues that he "is an indigent person with no legal training". *See* Pl.'s. Br. at pg. 5 [ECF No. 29]. In further support of his position, Plaintiff cites to *Forbes v. Edger*, 112 F.3d 262, 264 (7th Cir. 1997).[4] The

---

[3] This assumption is for the purpose of these motions only. The Court reserves the right to reconsider the merits of Plaintiff's claims in the future.

[4] *Forbes* involved an appeal of the District Court's determination to deny appointment of *pro bono* counsel and grant summary judgement in defendants' favor. Plaintiff in *Forbes* filed a complaint against defendants, a prison facility and workers, alleging they allowed her to be exposed to and contract tuberculosis. *Id*. at 264. Plaintiff argued because she was allowed to be exposed to tuberculosis, defendants were deliberately indifferent to her medical needs in violation of the Eight Amendment to the United States Constitution. *Id*. at 265. During litigation, plaintiff applied for counsel on two occasions but was denied. Likewise, defendants applied for summary judgment on two occasions, of which the second application was granted. *Id*. On appeal, the Seventh Circuit affirmed the District Court's order,

5

Court disagrees with Plaintiff's analysis of this factor and finds that Plaintiff is capable of presenting his case.

At the onset, this Court is not bound by an appellate decision outside its own circuit. *Noto v. United States*, 598 F. Supp. 440, 442 (D.N.J. 1984), *aff'd*, 770 F.2d 1073 (3d Cir. 1985), *see also, United States v. Rhines*, 640 F.3d 69, 72 (3d Cir. 2011) (noting decisions outside of the Third Circuit are not binding upon the courts in the circuit). However, as Plaintiff has cited to *Forbes* in support of his motion, it is important to note in *Forbes* the Seventh Circuit affirmed the district court's decision denying the appointment of counsel. *Forbes*, 112 F.3d at 267. There, the Seventh Circuit determined plaintiff was "an exceptionally able litigant" that submitted "comprehensible and literate" documents to the district court. *Id.* at 264. This Court finds the same to be true for Plaintiff in this matter. The record indicates that Plaintiff can read, write, understand English, and understands the legal process. *See* ECF Nos. 3, 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, 20, 23, 24, 25, 29, 30, 32, 34 and 42. Following the initial filing of his complaint, and within the first six months of this litigation, Plaintiff had already docketed over thirteen letters to the Court and filed two motions. *Id*. Plaintiff's filings have been comprehensible, literate and demonstrate his access to the resources needed to present his case. For example, Plaintiff was able to request extensions of time from the Court to allow for his completion and submission of USM-285 forms [ECF Nos. 8, 9], Plaintiff was able to call the prisoner ombudsman to discuss his failure to receive mail [ECF No. 12], Plaintiff was able to request defaults against the Defendants [ECF No. 23], and Plaintiff was able to serve a letter on Defendants advising them of deadlines [ECF No. 24], all without counsel being appointed. Most importantly, Plaintiff describes himself as a paralegal in the law

---

ruling the denial of appointment of counsel was not an abuse of discretion as the result would not have changed based on the facts presented. *Id*. at 266. Likewise, the Seventh Circuit determined summary judgement in defendants' favor was appropriate because none of defendants' actions showed deliberate indifference to plaintiff's medical needs. *Id*.

library at his facility.  *See* Letter from Steven C. Burt [ECF No. 21].  Therefore, Plaintiff appears to be competent and capable of presenting his case.  The first *Tabron/Parham* factor weighs against the appointment of counsel.

The second *Tabron/Parham* factor concerns the difficulty of the legal issues presented in the case.  Courts should be more inclined to appoint counsel when the legal issues are complex.  *Tabron*, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)).  The Court is instructed that although the legal issue appears simple, "[s]implicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim".  *Montgomery v. Pinchak*, 294 F.3d at 502 (quoting *Parham v. Johnson*, 126 F.3d at 459).  In support of this *Tabron/Parham* factor, Plaintiff argues that he lacks "familiarity with the rules of evidence and discovery needed to translate the understanding of the law into presentation of the proofs."  *See* Pl.'s Mot. at ¶ b. [ECF No. 10]. Plaintiff also argues this case is legally complex because of the number of defendants and "determining which defendants were sufficiently personally involved in the constitutional violations to be held liable." *See*. Pl.'s Br. at ¶ 5. [ECF No. 29].

The Court finds that Plaintiff has not raised unduly complex legal issues to support the appointment of *pro bono* counsel.  Plaintiff's claim arise from violations of his Eight Amendment rights.  Specifically, Plaintiff alleges that Defendants were "deliberate[ly] indifferent to his health by not releasing the recommended number of inmates pursuant to Executive Order 124 . . . exposing the Plaintiff . . . to . . . Covid-19 Coronavirus".  *See* Pl.'s Compl. at ¶ 32. [ECF No. 1]. Plaintiff has demonstrated an awareness of the law and the proofs needed to support his allegations. Plaintiff's complaint and numerous filings demonstrates an understanding of the facts and law that

7

need to be presented.  This is reinforced by Plaintiff's Pretrial Memorandum, where Plaintiff details the exhibits, discovery, witnesses, and testimony he may need at the time of trial.  *See* Pretrial Mem. [ECF No. 30].  As Plaintiff has demonstrated an understanding of what may be needed to present his proofs, at this stage of discovery, the second *Tabron/Parham* factor weighs against the appointment of counsel.

The third *Tabron/Parham* factor concerns the degree and/or difficulty of any expected factual investigation the case may require, and the ability of plaintiff to conduct such an investigation.  Additionally, the Court should consider a plaintiff's inability to gather facts relevant to the proof of his claim.  *See Tabron*, 6 F.3d at 156.  The Third Circuit has held where the necessary documents are readily available and the record is straightforward, this factor weighs against the appointment of counsel.  *See Christy*, 216 F. Supp. 2d at 410.  Plaintiff alleges he is unable to make certain kinds of investigations because the Defendants will not provide him the information requested.  *See* Pl.'s Br. at ¶ 2.  The Court does not find Plaintiff's argument compelling.  Plaintiff has demonstrated that he is capable of conducting fact investigations while incarcerated.  Plaintiff can serve demands and contact officials to obtain documents.  *See generally* ECF Nos. 5, 6, 7, 8, 24, 25.  Plaintiff is also permitted to bring to the Court's attention any issue regarding Defendants' failure to provide relevant information and documents.  Moreover, many of the documents needed, such as Plaintiff's own medical records and the state executive orders, should be readily available.  For these reasons, at this stage of litigation the third *Tabron/Parham* factor weighs against the appointment of counsel.

The fourth *Tabron/Parham* factor is the likelihood a case will turn on credibility determinations.  While most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest."

*Montgomery*, 294 F.3d at 505 (citing *Parham*, 126 F.3d at 460).  Thus, in considering this factor a court must evaluate "the degree to which credibility is at issue." *Jones v. United States*, No. 14-139, 2015 WL 7432349, *3 (D.N.J. Nov. 23, 2015) (quoting *Wassell v. Younkin*, No. 07–326, 2008 WL 73658, *4 (W.D. Pa. Jan. 7, 2008)).  At this time, the Court cannot answer whether the case will be "solely a swearing contest."  Therefore, the Court finds the fourth *Tabron/Parham* factor to be neutral.

The fifth *Tabron/Parham* factor is the extent to which expert testimony may be required.  Where a case will likely require such testimony, the appointment of counsel may be warranted.  *Tabron*, 6 F.3d at 156.  Plaintiff alleges that he will require expert testimony. *See* Pl.'s Mot. at ¶ d [ECF No. 10].  However, Plaintiff's mere assertion that he requires expert testimony is not sufficient to establish that this *Tabron/Parham* factor favors the appointment of counsel. *See Lasko v. Watts*, 373 Fed. Appx. 196, 202 (3d Cir. 2010)("Our precedent cannot be read as requiring the appointment of counsel in every case in which expert testimony may be warranted.").  Further, considering discovery has recently commenced, the true extent or need for an expert is not yet known.  Accordingly, at this stage, the Court finds the fifth *Tabron/Parham* factor to be neutral.

The final *Tabron/Parham* factor is plaintiff's financial ability to attain and afford counsel on his own behalf. *Parham*, 126 F.3d at 461.  Considering Plaintiff's incarceration and Judge Hillman's decision to grant him *in forma pauperis* status, the Court finds the sixth *Tabron/Parham* factor weighs in favor of granting Plaintiff's motion.

## CONCLUSION

As discussed above, a majority of the *Tabron/Parham* factors weigh against appointing counsel.  The Court therefore denies Plaintiff's motions.  Significantly, Plaintiff appears to be capable of competently representing himself.  His position as a *pro se* plaintiff will not unduly

9

burden his ability to present his case. This Order, however, is entered without prejudice to Plaintiff's right to re-file his request for counsel if warranted by relevant developments. Accordingly, for the foregoing reasons,

IT IS hereby **ORDERED** this **29th** day of **July 2021**, that Plaintiff's "Motions to Appoint *Pro Bono* Counsel" [ECF Nos. 10, 29] are DENIED without prejudice.

                                                  s/ Sharon A. King
                                                  SHARON A. KING
                                                  United States Magistrate Judge