[ECF Nos. 114, 120, 130]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEVEN C. BURT, | |
| **Plaintiff,** | |
| v. | Civil No. 20-19459 (KMW/SAK) |
| MARCUS O. HICKS et al., | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on the motion to amend [ECF No. 114] filed by *pro se* Plaintiff Steven C. Burt. The Court received the opposition filed by Defendants Marcus O. Hicks, John Powell, Erin Nardelli, and Keisha Fisher (collectively, "Defendants") [ECF No. 118-1],[1] and Plaintiff's reply [ECF No. 130-1].[2] The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed in detail, Plaintiff's motion is **DENIED**.

**I.      BACKGROUND**

Since the parties are well familiar with the factual and procedural background of the case, only the most salient points will be set forth herein. Plaintiff initially filed this civil rights action

---

[1] Defendants responded to Plaintiff's motion by filing a cross-motion to dismiss Plaintiff's motion to amend pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 120. However, since Plaintiff's proposed amendment is just that—*i.e.*, a proposal—the Court will deny the cross-motion as moot and construe Defendants' brief [ECF No. 118-1] as their opposition to Plaintiff's motion.
[2] Plaintiff responded to Defendants' cross-motion with a "Motion to Dismiss Defendants' Motion to Dismiss," which includes a brief in support of Plaintiff's motion to amend. *See* ECF No. 130-1. As such, the Court construes Plaintiff's filing as his reply brief and will deny the motion as moot.

while proceeding *pro se* on December 16, 2020. *See* Compl. [ECF No. 1]. Plaintiff subsequently moved for, and was granted, the appointment of *pro bono* counsel. *See* Order, Mar. 3, 2022 [ECF No. 81]; *see also* ECF No. 53. Shortly thereafter, *pro bono* counsel filed a motion to amend Plaintiff's complaint. *See* ECF No. 90. The motion was granted and Plaintiff's First Amended Complaint ("FAC") [ECF No. 95] was filed on July 13, 2022.

Plaintiff is an inmate currently confined at the Mid-State Correctional Facility in Fort Dix, New Jersey. *See* FAC ¶ 14. His claims, however, arise out of his prior transfer between two state prisons—South Woods State Prison ("South Woods") and Southern State Correctional Facility ("Southern State"). Plaintiff's transfer occurred on or about April 20, 2020, during the early days of the COVID-19 pandemic. *See id.* ¶¶ 31–35. As such, the FAC named the following four defendants in their individual and official capacities: Marcus O. Hicks, as former Commissioner of the New Jersey Department of Corrections ("NJDOC"); John Powell, as former Administrator of South Woods; Keisha Fisher, as current Administrator of Southern State; and Erin Nardelli, as Administrator of Southern State. *See id.* ¶¶ 15–18. In short, Plaintiff alleged that Defendants failed to implement and follow adequate health policies and procedures causing him to contract COVID-19 upon his transfer to Southern State. Plaintiff further alleged that Defendants were deliberately indifferent to his medical needs and subjected him to overly punitive conditions of confinement. More specifically, Plaintiff's FAC asserted the following three counts against all Defendants:

(1) Unconstitutional Conditions of Confinement (Eighth Amendment; 42 U.S.C. § 1983);

(2) Deprivation of Eighth Amendment Rights (Eighth Amendment; 42 U.S.C. § 1983); and

(3) Violation of New Jersey Civil Rights Act (N.J.S.A. § 10:6-2).

*See id.* ¶¶ 75–93.

Defendants moved to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 101. On November 14, 2022, the Honorable Karen M. Williams, U.S.D.J., granted Defendants' motion and dismissed all claims without prejudice. *See* Op. [ECF No. 109]; Order [ECF No. 110]. In brief, Judge Williams held that Plaintiff failed to establish a plausible claim for relief by failing to connect the individual defendants, all of whom were supervisory officials, to the alleged wrongs. *See* Op. at 6–7. Judge Williams also held that Plaintiff failed to plead facts sufficient to give rise to a constitutional violation. *See id.* at 6, 8. While neither the Opinion nor the Order expressly granted Plaintiff leave to file an amended complaint, the Opinion implicitly contemplated a future amendment. *See id.* at 8 n.2 (noting that Defendants' qualified immunity arguments, which were not addressed in the Opinion, could be revisited "[s]hould Plaintiff choose to file an amended complaint").

Plaintiff now moves for leave to file an amended complaint.[3] Attached to the motion is a copy of Plaintiff's proposed Second Amended Complaint ("SAC") [ECF No. 114-2].[4] He offers no formal brief or argument in support of the proposed amendment.[5] His motion papers, however, include two vague references to purported "video evidence" that somehow "warrant the reopening of this" action, without any further elaboration. *See* Pl.'s Mot. ¶¶ 3, 4. Plaintiff's proposed SAC names two Defendants from his FAC: Marcus O. Hicks, as former Commissioner of the NJDOC,

---

[3] Plaintiff filed the instant motion while the docket still reflected his *pro bono* counsel as counsel of record for Plaintiff. The Court held a status conference to address this issue on June 22, 2023, at which *pro bono* counsel advised the Court that their representation had been terminated once Defendants' motion to dismiss was granted and the case terminated. They further represented that Plaintiff was advised accordingly and that he had been proceeding *pro se* on his own volition since.
[4] Plaintiff titles his proposed amendment as a "VERIFIED AMEDNED [sic] COMPLAINT WITH JURY DEMAND." For the sake of clarity, the Court will refer to it as Plaintiff's proposed SAC.
[5] The Court notes that Plaintiff's motion also fails to include a "marked-up" copy of the proposed amended pleading that indicates in what respect(s) it differs from Plaintiff's FAC, as required by Local Civil Rule 15.1(a)(2). Nevertheless, because Plaintiff is proceeding *pro se*, the Court will excuse his noncompliance in order to reach the merits of the instant motion. *See Valente v. Zucker*, No. 20-8316, 2021 WL 4132287, at *2 n.4 (D.N.J. Sept. 10, 2021).

3

and John Powell, as former Administrator of South Woods. *See* SAC ¶¶ 10, 11.  It also names the following new parties as defendants: Willie Bonds, as Director of Operations for the NJDOC, and Correctional Officers Jane/John Does Nos. 1–10. *See id.* ¶¶ 12, 13.  All of the defendants are named in their individual capacities. *See id.* ¶ 14.  The facts underlying Plaintiff's proposed SAC amount to a heavily abridged version of those underlying his FAC. *See id.* ¶¶ 16–22.  The claims asserted in the proposed SAC also vary in substance and style with those asserted in Plaintiff's FAC, while attempting to address the same alleged wrongs.  Specifically, Plaintiff's proposed SAC asserts the following four counts pursuant to 42 U.S.C. § 1983:

    (1) Fourteenth Amendment; Equal Protection against Defendant John Powell;

    (2) Risk of Injury; Deliberate Indifference against all Defendants;

    (3) Direct Participation and Personal Involvement; against all Defendants; and

    (4) Gross Negligence; Failure to Protect against all Defendants.

*See id.* ¶¶ 23–34.

Defendants oppose Plaintiff's motion.  In sum, they argue that his motion must be denied because the proposed amendment is futile. *See* Opp'n Br. at 5.  Specifically, Defendants argue that Plaintiff's equal protection claim fails as a matter of law because he does not allege membership in a protected class or that he was treated differently from others similarly situated. *See id.* at 5–7.  They also argue that Plaintiff's deliberate indifference claim is not viable because he fails to allege facts indicating any Defendant acted with deliberate indifference or was personally involved with his alleged injury. *See id.* at 7–12.  Defendants finally argue that Plaintiff's unexplained delay in seeking the amendment, coupled with the prejudice it would cause Defendants if it were permitted to proceed, only further warrants denying the motion. *See id.* at 12–14.

In reply, Plaintiff contends that his proposed amendment meets federal pleading standards.[6] As to his equal protection claim, Plaintiff argues "he was a protected class of one and was NOT treated as all similarly situated inmates." Pl.'s Reply at 6.  As to Plaintiff's claims for deliberate indifference and personal involvement, he simply disagrees with the contention that he has failed to alleged facts sufficient to render these claims viable. *See id.* at 6–8.  Plaintiff does not address his final claim of gross negligence/failure to protect.

## II.   DISCUSSION

### A. Legal Standard

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: '[t]he court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019).  Notwithstanding this liberal standard, "[d]enial of leave to amend can be based on undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)); *see United States ex rel. Thomas v. Siemens AG*, 593 F. App'x 139, 144 (3d Cir. 2014) (citation omitted) ("A motion to amend a complaint is committed to the sound discretion of the district court.").

---

[6] Plaintiff's reply brief is largely dedicated to refuting and/or responding to Defendants' opposition arguments.  However, he also raises novel arguments of his own therein.  Given Plaintiff's failure to submit a brief in support of his motion in the first instance, these portions of his brief inevitably exceed the permissible scope of argument on reply. *See Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (citation omitted); *see also Napier v. City of New Brunswick*, No. 17-4152, 2018 WL 6573465, at *5 (D.N.J. Dec. 13, 2018) (emphasis in original) ("The concept that replies are limited to responding to the non-moving party's arguments or reinforcing the moving party's **original** position is universal.").  Nevertheless, in light of Plaintiff's *pro se* status, and in the interests of fairness, the Court will consider all arguments raised therein.

"'Futility' means the pleading, as amended, would fail to state a claim upon which relief could be granted," and is analyzed under the same standard of legal sufficiency as a Rule 12(b)(6) motion to dismiss. *Evans v. City of Philadelphia*, 763 F. App'x 183, 185–86 (3d Cir. 2019) (citation omitted). The Court's inquiry is whether the proposed pleading sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). More specifically, the Court's analysis involves three steps:

> First, [the Court] will note the elements of a claim; second, [the Court] will identify allegations that are conclusory and therefore not assumed to be true, and; third, accepting the factual allegations as true, [the Court] will view them and reasonable inferences drawn from them in the light most favorable to [the non-movant] to decide whether they plausibly give rise to an entitlement to relief.

*Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019) (internal quotations and citations omitted). Although a pleading does not need detailed factual allegations to survive a 12(b)(6) attack, Rule 8 demands more than just labels and conclusions. *See Twombly*, 550 U.S. at 555 (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In particular, a pleading that merely offers a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

### B. Analysis

Defendants argue that Plaintiff's proposed amendment fails to state a viable claim for relief against any Defendant and, therefore, his motion to amend must be denied as futile. For the reasons to be discussed below, the Court agrees and finds Plaintiff's proposed SAC, much like his FAC, fails to state a claim against Defendants. Accordingly, the Court will deny Plaintiff's motion on the basis of futility and will not address the merits of Defendants' additional arguments. The Court will proceed to address each claim asserted in the proposed SAC in turn.

### 1. Fourteenth Amendment; Equal Protection against Defendant John Powell

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). As such, to state a class-based claim under the Equal Protection Clause, a plaintiff must allege that: (1) she is a member of a protected class; and (2) she was treated differently from others similarly situated. *See id.* Equal protection claims may also be "brought by a 'class of one.'" *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To state a class-of-one claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Here, the Court finds that Plaintiff's proposed SAC fails to state a viable claim for relief under the Equal Protection Clause. In his reply, Plaintiff appears to indicate that he only seeks to assert a class-of-one claim. This notwithstanding, insofar as Plaintiff may have intended to assert a class-based claim, the Court finds it would likewise fail. This is because he fails to allege that he is a member of a protected class or that he was treated differently from others similarly situated. In fact, the proposed SAC alleges the exact opposite—that those who were similarly situated to Plaintiff were also treated *similarly*. *See* SAC ¶ 17 (alleging that "Plaintiff & other Inmates were not provided with face masks or testing during or prior to the transfer"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (noting prisoners are not a protected class). This sole allegation is also fatal to Plaintiff's class-of-one claim, because it readily establishes that he cannot satisfy the threshold showing that he was treated differently from others similarly situated. Without this

showing, the remainder of the class-of-one test is rendered moot. For these reasons, the Court finds that Plaintiff's equal protection claim is futile.

### 2. Risk of Injury; Deliberate Indifference against all Defendants

To state a claim for deliberate indifference under the Eighth Amendment, a plaintiff must plead facts showing both that Defendants knew of a serious medical need and were deliberately indifferent to that need. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference is a "subjective standard of liability consistent with recklessness." *Id.* (citation omitted); *see Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020) (citation omitted) ("Deliberate indifference requires significantly more than negligence."); *see also Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) ("[T]he prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."). In the context of the pandemic, the Third Circuit has held that the mere exposure to or risk of contracting COVID-19 does not suffice. *See Hope*, 972 F.3d at 329–31. Likewise, mere disagreement as to the response to the risk "will not support constitutional infringement." *Id.* at 329 (citation omitted). Nor does a failure to eliminate all risk establish the defendants were deliberately indifferent to the plaintiff's serious medical needs. *See id.* at 330.

Here, the Court finds that Plaintiff fails to state a viable claim for deliberate indifference. Plaintiff simply fails to connect any single defendant—who again, are supervisory officials—with knowledge of Plaintiff's serious medical need. Instead, the thrust of Plaintiff's allegations are that Defendants had general knowledge of COVID-19 and the risks it may pose. *See, e.g.*, SAC ¶ 22. Even if Plaintiff sufficiently plead such knowledge of a serious medical need, the proposed SAC still fails to allege deliberate indifference to any degree. At most, Plaintiff's allegations amount to

a mere disagreement with the response that was had.  Accordingly, the Court finds that Plaintiff's deliberate indifference claim is futile.

### 3. Direct Participation and Personal Involvement; against all Defendants

The exact contours of Plaintiff's third claim are somewhat unclear.[7]  The Court notes that neither party fully briefed this claim.  Nonetheless, it appears that it is not likely a standalone claim but rather Plaintiff's attempt to predicate liability upon Defendants as to his first two claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988) (citations omitted) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."); *see also Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citation and internal quotations omitted) ("[A] plaintiff must demonstrate a defendant's personal involvement in the alleged wrongs.).  However, the Court finds this particular "claim" amounts to no more than conclusory allegations not entitled to the assumption of truth. *See Great W. Mining & Min. Co.*, 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) ("[P]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").  In other words, Plaintiff's proposed amendment fails to meet federal pleading standards.  Consequently, to the extent that Plaintiff intended to assert Count Three as a standalone claim, the Court finds it futile.

---

[7] Count Three of Plaintiff's proposed amendment consists of two paragraphs and reads as follows:

> 25. Defendants directly participated in the violation of Plaintiffs rights by ordering the transfer and approving it.
>
> 26. Defendants were personally responsible for the violation that caused injuries to Plaintiff by their failure to implement the "INMATES COMMUNICATION UPDATE FORE [sic] COVID-19" sent directly from the Central Office in Trenton New Jersey.

9

### 4. Gross Negligence; Failure to Protect against all Defendants

With regard to Plaintiff's claims of gross negligence, the Court finds that Plaintiff fails to establish the legal basis for these claims. As previously noted, the proposed SAC relies entirely on section 1983 without reference to any other source of law. *See* SAC, at 1 (stating the following: "This is a Title 42 U.S.C. 1983 Civil Rights Complaint for new claims & to add new partie(s)"). The Court should also add that neither party briefed this issue. However, even if the Court were to assume that a legitimate basis for jurisdiction over such claims had been asserted, they still fail. This is because Count Four of Plaintiff's proposed SAC merely reads as a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted). It is also rife with "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Thus, Plaintiff once again fails to satisfy federal pleading standards. As such, the Court finds this count, and the proposed SAC in its entirety, to be futile. Therefore, the Court will deny Plaintiff's motion.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **13th** day of **December**, **2023**, that Plaintiff's motion to amend [ECF No. 114] is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion [ECF No. 120] is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion to dismiss Defendants' cross-motion [ECF No. 130] is **DENIED** as moot; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Opinion and Order to Plaintiff *via* regular mail and shall enter a notation on the docket indicating the date upon which this Opinion and Order was forwarded to Plaintiff *via* regular mail.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.